PER CURIAM.
 

 We affirm the denial of appellant’s rule 3.800(a) motion, but for reasons other than those provided by the trial court.
 

 We agree with appellant that there is no time limit for asserting a claim of illegal sentence pursuant to rule 3.800(a).
 
 See
 
 Fla. R.Criin. P. 3.800(a). Nevertheless, the trial court did not err in denying the motion.
 

 Appellant’s first ground, based on double jeopardy, could have been denied as successive.
 
 [1]
 
 In any event, it lacked merit.
 
 Compare Saavedra v. State,
 
 576 So.2d 953 (Fla. 1st DCA 1991) (rejecting double jeopardy argument pertaining to a 1987 offense, where each assault occurred at different time and location, and the defendant had time to pause and reflect before each one).
 

 The second ground, claiming illegality of the 100-year sentence for count II, is unsupported by any authority.
 
 See
 
 § 794.01, Fla. Stat. (1967, 1969) (providing sentence of death, life in prison, or any term of years, in the trial court’s discretion). The ground asserted in the “supplement” filed below concerning police practices did not even seek relief, was not cognizable in connection with a rule 3.800(a) motion because it did not challenge the sentence, and lacks any merit.
 

 We take this opportunity to caution appellant that the continued filing of frivolous pleadings will result in the sanction of this court no longer accepting his pro se filings and may result in his referral to the Department of Corrections for disciplinary procedures.
 

 Affirmed.
 

 STEVENSON, DAMOORGIAN and CIKLIN, JJ„ concur.
 

 [1]
 

 . On this point, we direct the appellant to the state’s response to the rule 3.850 motion which he served on October 31, 2007, the denial of which this court affirmed per cu-riam in case no. 4D08-1513. In that response, the state referenced the prior resolution of the same claim for relief, on the merits, in an order which this court affirmed in case no. 4D81-1705.